FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 05, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COLBY THOMASON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>WALMART, INC., a Multinational Retail Corporation,<br><br>　　　　　　　Defendant. | NO: 2:20-CV-480-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REMAND |

**BEFORE THE COURT** is Plaintiff's Motion for Remand to Spokane County Superior Court, ECF No. 3. The Court has reviewed the motion, the record, and is fully informed.

## BACKGROUND

This matter arises from an incident at Walmart Supercenter Facility #2549 in Spokane, Washington on June 15, 2019. ECF No. 1-3 at 3. Plaintiff Colby Thomason claims an employee of Defendant Walmart, Inc. ("Walmart") caused a wooden pallet to drop on Plaintiff's foot and Plaintiff suffered injuries as a result. *Id*. On March 31, 2020, prior to the commencement of the action in state court,

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND ~ 1

1  Plaintiff demanded $296,567.79 in general and economic damages.  ECF No. 3-1 at
2  6.
3      On August 27, 2020, Plaintiff filed a suit for damages against Walmart in
4  Spokane County Superior Court.  *See* ECF No. 1-3.  As set forth in the complaint,
5  Plaintiff seeks an identified amount of economic and non-economic damages for
6  injuries that are allegedly progressive and ongoing.  *Id.* at 5.
7      On December 2, 2020, in response to Walmart's Request for Statement of
8  Damages pursuant to RCW 4.28.360, Plaintiff indicated that he was claiming
9  medical expenses in the amount of $48,142.179 and noneconomic damages in the
10 range of $500,000 or more.  *See* ECF No. 4 at 41–42.  Plaintiff also responded to
11 Walmart's First Interrogatories and Request for Production on December 3, 2020,
12 and listed his medical expenses.  ECF No. 4 at 33–36.
13     On December 30, 2020, Walmart removed the action to this Court.  *See* ECF
14 No. 1.  Plaintiff now moves to remand the action to Spokane County Superior Court.
15 *See* ECF No. 3.
16     Plaintiff does not dispute that this Court has original jurisdiction under 28
17 U.S.C. § 1332(a) because there is full diversity between the parties and the amount
18 in controversy exceeds $75,000.  ECF Nos. 1 at 3, 3 at 2.  However, the parties
19 dispute whether Walmart's Notice of Removal, ECF No. 1, was timely pursuant to
20 28 U.S.C. §§ 1446(b)(1), (3).  The parties further dispute when Walmart had
21 knowledge of the amount in controversy.

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND ~ 2

## LEGAL STANDARD

Under 28 U.S.C. § 1446(b), removal must be timely.  Generally, a defendant must remove a case within thirty days of receiving the complaint.  28 U.S.C. § 1446(b).  However, if the complaint does not provide a basis for removal, a defendant has a second opportunity to remove within thirty days of receiving, "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  In the Ninth Circuit, defendants are not charged "with notice of removability until they've received a paper that gives them enough information to remove."  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006).

## DISCUSSION

**A. First Thirty-Day Removal Period**

Plaintiff claims that Walmart's notice of removal is untimely because it was not filed within thirty days of October 30, 2020, when Walmart was served with the summons and complaint, pursuant to § 1446(b)(1).

"Section 1446(b) identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010).  "The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'" *Id.* (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)).  "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND ~ 3

1 subjective knowledge or a duty to make further inquiry." *Harris*, 435 F.3d at 693.

2 The statute "requires a defendant to apply a reasonable amount of intelligence in

3 ascertaining removability," such as "multiplying figures clearly stated in a

4 complaint." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir.

5 2013) (citation omitted).

6     Here, the amount in controversy is not evident within the four corners of

7 Plaintiff's complaint filed in Spokane County Superior Court. *See* RCW 4.28.360

8 ("In any civil action for personal injuries, the complaint shall not contain a statement

9 of the damages sought but shall contain a prayer for damages as shall be determined.

10 A defendant in such action may at any time request a statement from the plaintiff

11 setting forth separately the amounts of any special damages and general damages

12 sought."). Plaintiff's general allegations relating to damages in the complaint are

13 insufficient to trigger the first thirty-day period. *See* ECF No. 1-3 at 5 ("As a direct

14 and proximate cause of defendants . . . plaintiff has suffered, and will continue to

15 suffer, economic and non-economic damages. Plaintiff's injuries and damages are

16 ongoing."); *see also Freed v. Home Depot U.S.A., Inc.*, No. 18-cv-00359-BAS-

17 BLM, 2018 WL 6588526, at *2 (S.D. Cal. May 25, 2018) ("Even if it could have,

18 Home Depot did not have a duty to examine Plaintiff's allegations beyond what she

19 provided in the complaint to calculate damages for a single slip and fall incident.").

20 Accordingly, the complaint did not trigger the first thirty-day removal period.

21

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND ~ 4

### B. Notice by Pre-Litigation Settlement Offer

Plaintiff contends that although the complaint did not specify an amount in controversy, Walmart was nonetheless aware that the case was removable upon receipt of the complaint based on Plaintiff's previous settlement demand for $296,567.79 made via email on March 31, 2020. ECF Nos. 3 at 1–2, 3-1 at 6.

The Ninth Circuit has held that "a demand letter sent during the course of the state court action can constitute 'other paper' within the meaning of section 1446(b) if it reflects a reasonable estimate of the plaintiff's claim." *Carvalho*, 629 F.3d at 885 (citing *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007)). However, the Ninth Circuit also has held that "any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period." *Carvalho*, 629 F.3d at 885–886 (holding that "other paper" does not include documents received prior to the receipt of the initial pleading; thus, plaintiff's settlement demand letter predating the filing of her complaint did not trigger a thirty-day removal period).

Plaintiff's argument that Walmart had knowledge of the amount of controversy given his pre-litigation settlement demand has been addressed directly and rejected by the Ninth Circuit. *See Carvalho*, 629 F.3d at 885–886. Consequently, the March 31, 2020 settlement demand did not trigger a thirty-day removal period under § 1446(b).

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND ~ 5

### C. Notice by Telephone Conference

Plaintiff also claims that Walmart was made aware of the amount of controversy based upon a phone call between counsel on November 18, 2020, during which it was communicated that Plaintiff was claiming damages related to lumbar surgery. ECF No. 3 at 3. Walmart argues that this exchange did not trigger a second removal period because (1) a phone call is not "an amended pleading, motion, order or other paper" and (2) Plaintiff's counsel never communicated an amount for the lumbar surgery. ECF No. 4 at 11.

As noted above, "[s]ection 1446(b) identifies two thirty-day periods for removing a case." *Carvalho*, 629 F.3d at 885. "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Id.* (quoting 28 U.S.C. § 1446(b)). Written settlement offers or demands exchanged during the course of litigation may be considered "other papers." *See Cohn v. Petsmart Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *see also Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (finding that letter which "confirm[ed] some issues discussed in [a] recent telephone conversation" and estimating damages in excess of $5 million put defendant on notice of removability). However, "oral settlement offers may not be considered in determining the

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND ~ 6

timeliness of removal." *Mojica v. Compass Grp. USA, Inc.*, No. SACV 12-01233-CJC (FMOx), 2012 WL 13020088, at *2 (C.D. Cal. Sept. 27, 2012).

Other courts in the Ninth Circuit have rejected that a telephone conversation between counsel discussing the nature of damages triggers the second thirty-day removal period. *See, e.g.*, *Pontiero v. GEICO Gen. Ins. Co.*, No. EDCV-171125 JGB (DTBx), 2017 WL 3475666, at *4 (C.D. Cal. Aug. 14, 2017) ("The phone conversation between counsel for Plaintiff and counsel for Geico could not trigger the 30–day period for removal because an oral statement is not an 'other paper' indicating that the case is removable."); *see also Riggs v. Cont'l Baking Co.*, 678 F. Supp. 236, 238 (N.D. Cal. 1988) ("The elements of removability must be specifically indicated in official papers before the statutory period begins to run.").

The Court agrees that the telephone conversation between counsel and reference to lumbar surgery did not trigger a second removal period. First, the telephone conversation is not an "other paper" as contemplated by 28 U.S.C. § 1446(b)(3). *See Pontiero v. GEICO Gen. Ins. Co.*, No. EDCV-171125 JGB (DTBx), 2017 WL 3475666, at *4. Second, even if it was an "other paper," it was not a settlement demand and no monetary figure was assigned to the lumbar surgery. *See Lewis v. Sys. & Servs. Tech., Inc.*, No. CV 14-8930 FMO (Ex), 2015 WL 13306501, at *2 (C.D. Cal. Feb. 27, 2015) ("As an initial matter, the Settlement Demand does not include an actual settlement amount.").

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND ~ 7

Accordingly, the telephone call between counsel did not trigger the second thirty-day removal period under § 1446(b).

**D. Doctor's Declaration**

In Plaintiff's reply, he further argues that Walmart was aware that lumbar surgery was related to the incident giving rise to the claim based upon a declaration from Plaintiff's medical provider, Dr. Jason Dreyer, DO., that was disclosed to Walmart in March 2020 during pre-litigation settlement discussions. ECF No. 5-1 at 5–8. Plaintiff argues that since Walmart was in possession of "other papers" in the form of the declaration from Dr. Dreyer, as well as Plaintiff's prelitigation demand offer (discussed *infra*), the first thirty-day removal period was triggered upon Walmart's receipt of the complaint. ECF No. 5 at 3.

Plaintiff's argument conflates 28 U.S.C. § 1446(b)(1), setting forth the first thirty-day removal period, and 28 U.S.C. § 1446(b)(3), setting forth a second thirty-day removal period triggered by the receipt of "other papers." Plaintiff essentially argues that the two different removal periods set forth by §§ 1446(b)(1) and (3) were triggered on the same day in this case. Despite Plaintiff's assertion that *Carvalho* is inapplicable to the facts here, the Ninth Circuit's reasoning forecloses Plaintiff's reliance on any pre-complaint documents in Walmart's possession, including the declaration of Dr. Dryer, to trigger the first or second removal period. *Carvalho*, 629 F.3d at 886 (rejecting that "a pre-complaint document . . . can operate in

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND ~ 8

tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods.").

Furthermore, the Court is unpersuaded by the case law cited by Plaintiff. *See* ECF No. 5 at 4–5 (citing *Grazia v. Safeco Ins. Co. of Illinois*, No. C17-1130-JCC, 2017 WL 4803921, at *1–2 (W.D. Wash. Oct. 25, 2017); *Banta v. Am. Med. Response Inc.*, No. CV 11–03586 GAF (RZx), 2011 WL 2837642 at *7 (C.D. Cal. July 15, 2011)).

The Ninth Circuit's decision in *Harris* adopted a bright line approach that the determination of whether the initial pleading is removable is based upon the "examination of the four corners of the applicable pleadings, [and] not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. The *Banta* court, followed by the *Grazia* court, distinguished *Harris* on the grounds that "*Harris* involved a complaint that was indefinite as to complete diversity, rather than as to the amount-in-controversy." *See Chavarria v. Mgmt. & Training Corp.*, Case No.: 16-cv-617-H (RBB), 2016 WL 11621563 at *4 n. 3 (S.D. Cal. 2016). However, the *Banta* and *Grazia* cases are the outliers. *See id.* Furthermore, the Ninth Circuit has affirmatively applied the principles set forth in *Harris* to amount in controversy cases subsequent to the *Banta* decision. *See e.g.*, *Kuxhausen*, 707 F.3d at 1141.

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND ~ 9

1    The Court also finds that the case law cited by Plaintiff is factually

2 distinguishable from the present matter.  *See Roth v. CHA Hollywood Med. Ctr.,*

3 *L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (finding that case was removable outside

4 of § 1446 windows where defendant conducted its own investigation, after receipt of

5 the first amended complaint, and discovered that the case was removable); *see also*

6 *Grazia*, C17-1130-JCC, 2017 WL 4803921, at *1–2 (holding that removal was

7 untimely where thirty-day clock for removal started upon Defendant's receipt of

8 Plaintiff's interrogatory answers which indicated that Plaintiff was seeking

9 significant, long-term damages yet did not identify an amount); *and Banta*, No. CV

10 11–03586 GAF (RZx), 2011 WL 2837642 at *7 (concluding that although the initial

11 pleading was indefinite as to the amount in controversy, defendant was on notice

12 that the amount of controversy was a very large sum of money in class action suit

13 brought on behalf of all California employees for noncompliance of labor laws

14 regarding overtime pay and meal breaks.).

15    Thus, contrary to Plaintiff's arguments, Dr. Dreyer's declaration in tandem

16 with the complaint did not trigger the first or second thirty-day removal periods.

17    **E. Responses to Discovery Requests**

18    Walmart argues that removal of this matter was timely because Walmart

19 filed notice within thirty days of receiving Plaintiff's responses to the request for

20 statement of damages and interrogatories, from which the amount in controversy

21 could be ascertained.  ECF No. 4 at 10–11.

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND ~ 10

1    The Court agrees. The second thirty-day time period was triggered on December 2, 2020, when Plaintiff provided Walmart with his Statement of Damages and responses to interrogatories, which Walmart had requested in the state court action. ECF No. 4 at 33–41. In the Statement of Damages, Plaintiff detailed that he sought medical expenses in the amount of $48,142.79 and noneconomic damages in the range of $500,000 or more. *Id.* at 4. Plaintiff's responses are "other papers" that made the amount of controversy ascertainable. 28 U.S.C. § 1446(b)(3). Because Walmart removed this case on December 30, 2020, within the thirty-day period, Walmart timely removed this case under § 1446(b)(3).

The parties agree that this Court has original jurisdiction under 28 U.S.C. § 1332(a) because there is full diversity between the parties and the amount in controversy exceeds $75,000. ECF Nos. 1 at 3, 3 at 2. Having found that Walmart timely removed the action, Plaintiff's motion for remand is denied.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's Motion for Remand to Spokane County Superior Court, **ECF No. 3**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** February 5, 2021.

                         *s/ Rosanna Malouf Peterson*
                         ROSANNA MALOUF PETERSON
                         United States District Judge